IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 18, 2018

## STATE OF TENNESSEE v. JOEY BOSWELL

**Direct Appeal from the Criminal Court for White County**
No. CR-7606-C          Gary McKenzie, Judge

_____

### No. M2017-01127-CCA-R3-CD

_____

The Defendant, Joey Boswell, pleaded guilty to theft of property valued between $2,500 and $10,000. The trial court sentenced him to serve eight years in the Tennessee Department of Correction. On appeal, the Defendant contends that the trial court erred when it sentenced him because it improperly enhanced his sentence based on enhancement factor (2), that "The defendant was a leader in the commission of an offense involving two (2) or more criminal actors[.]" T.C.A. § 40-35-114(2) (2014). He also contends that his sentence is excessive. After a thorough review of the record and the applicable authorities, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

J. Patrick Hayes, Cookeville, Tennessee, for the appellant, Joey Boswell.

Herbert H. Slatery, III, Attorney General and Reporter; Ruth Anne Thompson, Senior Counsel; Bryant C. Dunaway, District Attorney General; and Bruce A. MacLeod, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION
### I. Facts

This case arises from the Defendant and two co-defendants, Melinda Thompson and Elizabeth Bastian, stealing items from the victim's construction business located at his residence. For these offenses, a White County grand jury indicted the Defendant for

1

theft of property valued between $1,000 and $10,000 and aggravated burglary. The Defendant pleaded guilty to theft of property valued at over $2,500 and the aggravated burglary charge was dismissed. The following factual recitation is contained in the Defendant's presentence report:

On November 8, 2015 Officer Robert Thompson of the White County Sheriff's Office was dispatched to 2377 Lawrence Hudgens Rd, Sparta, TN, in reference to a theft report. Upon arrival, the victims indicated they had been burglarized again and that there were pictures of the suspects taking items from his home. The property removed from the residence included five oak doors, two oak bi fold doors, five rolls of aluminum coil siding, fourteen replacement windows for a house, one mail box and two steel antique anvils.

At the sentencing hearing, the parties presented the following evidence: Melanie Cohen stated she was employed by the Tennessee Department of Correction. She drafted the Defendant's presentence report, which was admitted into evidence. She read from the presentence report the Defendant's statement about the crime: "I did it. I'm guilty. I can't justify a reason other than stupidity and being a follower. It sounded like easy money. I'm sorry, and I'm trying to pay it back. If given probation, I'm going to do it right. This is the first time I've even tried." Ms. Cohen testified regarding the Defendant's prior criminal record, and certified copies of his prior convictions were admitted into evidence. Those convictions included burglary of an auto in 2008; burglary of a non-habitation in 2011; burglary of a non-habitation in 2011; burglary in 2014; burglary of an auto in 2014; and burglary in 2014. She testified that the Defendant was on parole when he committed the crime in the present matter.

The victim, James Hudgens, testified that he lived in White County and owned the property that the Defendant burglarized. The Defendant stole doors and windows Mr. Hudgens had purchased to replace in a home he was working on. He estimated the windows cost $300 each. He estimated that the doors cost $650 each. He stated that the Defendant also stole three anvils, costing $300 each, as well as six "house jacks" costing $250-$300 each, twelve or fifteen screw guns costing $120 each, twenty "log chains" costing $30-$40 each, four or five rolls of aluminum coil costing $160 per roll, $300 worth of trim, a dozen sets of old-fashioned drills costing $30 each, two bench grinders, and two or three "sawzalls." The Defendant broke into the building by tearing off two security doors, costing $400 each, as well as damaging the door jambs, resulting in a $500 replacement cost. Mr. Hudgens identified a photo taken by his deer camera, mounted on the building, of the Defendant holding a crow bar. Two additional photographs were introduced showing the Defendant and his co-defendants walking around the outside of the building on the day it was burglarized.

2

The Defendant testified that he felt "worse" about his involvement in the crime after hearing the victim's testimony. He planned to pay the victim back by working and paying his fines. The Defendant acknowledged his lengthy criminal history but stated he wanted to make a change because he had a newborn son. He stated that he had a supportive family who could help him stay on a positive track. On cross-examination, the Defendant agreed that he was with his two co-defendants at the victim's building and that he used the crow bar to break open the doors.

At the conclusion of the sentencing hearing, the trial court stated that the Defendant was a Range 2 offender based on his prior criminal history and as such was facing a four to eight year sentencing range. The trial court stated that it had considered the presentence report, the principles of sentencing, the arguments and evidence presented, the nature and characteristics of the criminal conduct, sentencing factors, the Defendant's statements, and the options for punishment.

Addressing enhancement and mitigating factors, the trial court applied "great weight" to enhancement factor (1), that "the defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range." The trial court next applied enhancement factor (2), that "the defendant was a leader in the commission of an offense involving two (2) or more criminal actors" and stated that it was basing this factor on the evidence that the Defendant was holding a crow bar and admitted to breaking down the doors. The trial court gave this factor "very slight weight." The trial court next applied enhancement factor (9), that "the defendant possessed or employed a . . . deadly weapon during the commission of the offense" on the basis that the Defendant was seen carrying a crow bar. Lastly, the trial court applied enhancement factor (13), that at the time the crime was committed the Defendant was on parole. *See* T.C.A. § 40-35-114(1), (2), (9), and (13) (2014). The trial court applied great weight to factor (13), and reiterated that it did the same for factor (1), while not placing significant weight on the remaining factors considered. The trial court sentenced the Defendant to eight years of incarceration. It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that the trial court erred when it applied enhancement factor (2), that "the defendant was a leader in the commission of an offense involving two (2) or more criminal actors." He also argues that his sentence is excessive. The State counters that the record supports the trial court's sentencing determinations. We agree with the State.

In *State v. Bise*, the Tennessee Supreme Court reviewed changes in sentencing law and the impact on appellate review of sentencing decisions. The Tennessee Supreme Court announced that "sentences imposed by the trial court within the appropriate statutory range are to be reviewed under an abuse of discretion standard with a 'presumption of reasonableness.'" *State v. Bise*, 380 S.W.3d 682 (Tenn. 2012). A finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)). To find an abuse of discretion, the record must be void of any substantial evidence that would support the trial court's decision. *Id*. at 554-55; *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). The reviewing court should uphold the sentence "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Bise*, 380 S.W.3d at 709-10. So long as the trial court sentences within the appropriate range and properly applies the purposes and principles of the Sentencing Act, its decision will be granted a presumption of reasonableness. *Id*. at 707. The defendant bears "[t]he burden of demonstrating that the sentence is improper." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

In determining a specific sentence within a range of punishment, the trial court should consider, but is not bound by, the following advisory guidelines:

> (1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

> (2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

T.C.A. § 40-35-210(c) (2014). The trial court must consider: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the mitigating and enhancement factors set out in Tennessee Code Annotated sections 40-35-113 and -114; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and (7) any statement the defendant made in the defendant's own behalf about sentencing. *See* T.C.A. § 40-35-210 (2014); *State v. Taylor*, 63 S.W.3d 400, 411

4

(Tenn. Crim. App. 2001).

"[T]he trial court is free to select any sentence within the applicable range so long as the length of the sentence is 'consistent with the purposes and principles of [the Sentencing Act].'" *Id*. at 343. The trial court's "misapplication of an enhancement or mitigating factor does not invalidate the sentence imposed unless the trial court wholly departed from the 1989 Act, as amended in 2005." *Bise*, 380 S.W.3d at 706. "[Appellate Courts are] bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." *State v. Carter*, 254 S.W.3d 335, 346 (Tenn. 2008).

We conclude that the trial court properly sentenced the Defendant. The trial court considered the relevant principles and sentenced the Defendant to a within range sentence. The evidence presented during the sentencing hearing supports the trial court's application of enhancement factor (2), that the Defendant was a leader in the commission of the crime. Nevertheless, the trial court only gave slight weight to this factor and stated that it gave much greater weight to other enhancement factors that the Defendant does not contest. Even if the trial court misapplied this enhancement factor, as we have stated, the misapplication of a single enhancement factor does not void the Defendant's sentence. *See Bise* at 708. Further, there was ample evidence supporting the application of the additional enhancement factors. We similarly conclude that, based on the evidence and applicable sentencing principles, the Defendant's within-range sentence is not excessive. As such, the Defendant is not entitled to relief on this issue.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE